CÁMARA DE COMERCIANTES Y PROFESIONALES DEL VIEJO SAN JUAN, INC., ETC., demandantes y peticionarios, *v.* ASOCIACIÓN DE COMERCIANTES DEL VIEJO SAN JUAN, INC., demandada y recurrida.

*Número:* O-84-725      *Resuelto:* 9 de noviembre de 1984

*David Rivé Rivera,* de *Vargas & Rivé,* abogado de los peticionarios; *Luis Berríos Amadeo,* abogado de la recurrida.

## RESOLUCIÓN

Al recurso de *certiorari,* no ha lugar.

Lo acordó el Tribunal y certifica la Secretaria General. El Juez Asociado Señor Negrón García emitió un voto concurrente al cual se une el Juez Asociado Señor Torres Rigual.

(*Fdo.*) Lady Alfonso de Cumpiano
*Secretaria General*

—O—

Voto concurrente del Juez Asociado Señor Negrón García al cual se une el Juez Asociado Señor Torres Rigual.

El dictamen del tribunal de instancia debe estimarse sin menoscabo de que la Comisión de Servicio Público, a solicitud de parte interesada, intervenga para reglamentar el sistema de transportación de la Asociación de Comerciantes de San Juan. La amplitud de poderes reconocida a la Comisión le confiere jurisdicción,

. . . no solamente en relación con las compañías de servicio público, porteadores por contrato y entidades que actúen como compañías de servicio público o como porteadores por contrato, sino también con respecto a:

(1) Toda persona o entidad que infrinja las disposiciones de esta Parte.

(2) Toda persona o entidad cuyas actuaciones afecten o puedan afectar la prestación de algún servicio público.

(3) Toda persona o entidad que lleve a cabo cualquier actividad para la cual sea necesari[o] obtener una autorización o endoso de la Comisión.

(4) Toda persona o entidad cuyas actuaciones u omisiones resulten en perjuicio de las actividades, recursos o intereses en relación con las cuales la Comisión tiene poderes de reglamentación, supervisión o vigilancia. 27 L.P.R.A. sec. 1101.

Es a la Comisión de Servicio Público, pues, a la que le corresponde evaluar la necesidad y sabiduría del referido sistema en primera instancia, y no al Poder Judicial. *Vélez Ramírez* v. *Romero Barceló*, 112 D.P.R. 716 (1982). La Ley de Servicio Público regula el sistema de transportación establecido. *Porteador Público* es toda especie de vehículos públicos que ofrezcan servicio de transportación a pasajeros mediante paga, ya sea al público general o a un público limitado. 27 L.P.R.A. sec. 1002(d). *Paga* "incluye cualquier remuneración pagada, prometida o debida, directa o indirectamente". 27 L.P.R.A sec. 1002(*ll*).

La Comisión de Servicio Público custodia la política pública que debe imperar en la transportación establecida. En primer término, la cuestión planteada por los peticionarios no debe ser dirimida sólo en términos de si el referido sistema requiere "paga" conforme la definición señalada. Nótese que la Comisión tiene jurisdicción no sólo en aquellos casos de jurisdicción estricta o limitada, sino que su tutela jurídica abarca a *toda persona* cuyas actuaciones redunden en perjuicio del sistema de transportación. El caso de autos plantea esa situación.

Por otro lado, es inquietante la consideración judicial que atribuye al nuevo sistema la calidad de "gratuito".

El pago mediante fichas (*tokens*) es simplemente un sustituto de un valor real. La ficha solamente se obtiene en negocios donde se hagan compras en exceso de $10 o cuando se use el estacionamiento de la Puntilla previo el pago correspondiente, o se es un cliente de una oficina profesional

que obtenga las fichas (*tokens*) vendidas por la Asociación. Ello refleja indubitadamente que el propósito de este sistema de transportación es con ánimo de lucro indirecto a través de una remuneración pagada también indirectamente. No cuestionamos el propósito laudable de este sistema de transportación. Tampoco lo *novedoso*. Pero ciertamente tiene el de atraer y lograr que el mayor público posible patrocine los negocios y oficinas del Viejo San Juan.

En resumen, independientemente de que todos los indicadores objetivos tienden a señalar que no es un sistema gratuito, es menester la intervención y autorización previa de la Comisión de Servicio Público. Lo contrario es una desviación injustificada e impermisible de la ley.